# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **JOAN HAYNES and** | : | |
| **TROY WAYNE HAYNES,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | **1:16-cv-00428-TWT-AJB** |
| | : | |
| **BAC HOME LOAN** | : | |
| **SERVICING, LP;** | : | |
| **MERSCORP HOLDINGS, INC.,** | : | |
| ***d/b/a* Mortgage Electronic** | : | |
| **Registration Systems, Inc.;** | : | |
| **FEDERAL NATIONAL** | : | |
| **MORTGAGE ASSOCIATION;** | : | |
| **QUICKEN LOANS, INC.;** | : | |
| **DEBBIE R. FOUSHEE;** *and* | : | |
| ***All Others***, | : | |
| | : | |
| **Defendants.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## <u>FINAL REPORT AND RECOMMENDATION</u>

This matter is currently before the Court on Defendants' motion to dismiss for failure to state a claim, [Doc. 2], and Plaintiffs' motion to remand the case to state court, [Doc. 3]. For the reasons set forth herein, the undersigned **RECOMMENDS** that the motion to remand be **DENIED**, [Doc. 3], and that the motion to dismiss be **GRANTED**, [Doc. 2].

## I.    *Introduction*

Plaintiffs Joan Haynes and Troy Wayne Haynes, who are represented by counsel, initiated this action in the Superior Court of Henry County, Georgia, on December 7, 2015.  [Doc. 1-1].  They assert claims for fraud and for quiet title as to the property located at 1156 Folkstone Drive, McDonough, Georgia 30253 ("the Property"), and name as party defendants BAC Home Loan Servicing, LP ("BAC"); MERSCORP Holdings, Inc., *doing business as* Mortgage Electronic Registration Systems, Inc. ("MERS"); Federal National Mortgage Association ("Fannie Mae"); Quicken Loans, Inc. ("Quicken"); Debbie R. Foushee ("Ms. Foushee"); "and all others."  [*Id*.].  This is Plaintiffs' third action regarding the Property, the first action having been filed in the Superior Court of Henry County, Georgia, on September 6, 2011[1]; removed to this Court on September 16, 2011; amended October 25, 2011, and August 24, 2012; dismissed on summary judgment on August 7, 2014; and affirmed by the Eleventh Circuit Court of Appeals on July 10, 2015, *Haynes v. McCalla Raymer, LLC*, Civ. Action No. 1:11-cv-3149-TWT (N.D. Ga.) ("*Haynes I*"), and the second action having been filed in the Superior Court

---

[1]    The Superior Court of Henry County assigned the matter Case No. 11-CV-3396-WC.  *Haynes I*, ECF No. 1-1 at 2.

of Henry County, Georgia, on September 24, 2015[2]; removed to this Court on October 21, 2015; amended on November 23, 2015; and voluntarily dismissed without prejudice on December 3, 2015, *Haynes v. BAC Home Loan Servicing, LP*, Civ. Action No. 1:15-cv-3704-TWT (N.D. Ga.) ("*Haynes II*").

On February 11, 2016, MERS, Fannie Mae, and BAC, acting with Quicken's consent, filed a notice of removal in the present action, asserting that this Court may exercise diversity-of-citizenship jurisdiction over the matter. [Doc. 1]. On February 18, 2016, the removing defendants filed the motion to dismiss that is presently pending before the Court. [Doc. 2]. On March 2, 2016, Plaintiffs filed the pending motion to remand. [Doc. 3]. On March 21, 2016, BAC filed a response in opposition to the motion to remand. [Doc. 4]. No further briefing having been filed, and the time for briefing having passed, the Court now considers the motions.

## II.    Removal and Remand

### A.    Legal Framework

Under the federal removal statute, a defendant may in "any civil action brought in a State court of which the district courts of the United States have original

---

[2]    The Superior Court of Henry County assigned the matter Case No. 15-CV-2987-WC. *Haynes II*, ECF No. 1-1 at 4.

3

jurisdiction" remove the civil action to federal court.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over a case if: (1) the case involves diversity of citizenship (and the defendant is not a citizen of the state in which the action is brought); or (2) a claim arises under the Constitution, or treaties, or laws of the United States (without regard to the citizenship or residence of the parties).[3] 28 U.S.C. § 1441(b), (c).

In addition to the substantive jurisdictional requirements, a removing defendant must also contend with procedural requirements regarding the timeliness of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010).  A defendant has thirty days after receipt of an initial pleading to remove a case, or if the initial pleading

---

[3]       A district court may also exercise supplemental jurisdiction over state-law claims that are so related to federal claims in the removed action "that they form part of the same case or controversy."  *See Wood v. City of Lanett*, 564 F. Supp. 2d 1317, 1318, 1322 (M.D. Ala. 2008) (quoting 28 U.S.C. § 1367(a) and citing *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002)); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (stating that § 1367(a) "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts . . . have original jurisdiction' ") (quoting 28 U.S.C. § 1441(a))); 14B Charles Alan Wright et al., *Federal Practice & Procedure* § 3722.3 (4th ed. 2012) ("It has been well established for years that, in both cases commenced in federal court and those removed to federal court, federal courts can exercise jurisdiction over non-federal claims that are so closely related to a federal question as to fall within . . . the supplemental . . . jurisdiction of the federal courts.").

4

is not removable, the defendant may file a notice of removal within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *accord Pretka*, 608 F.3d at 757, 759-60.

Although the federal removal statute permits a defendant in a state civil action to remove the case to federal court under certain circumstances, federal law also allows the plaintiff to seek remand of the case to state court under 28 U.S.C. § 1447. 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal of the action. *Diaz v. Sheppard,* 85 F.3d 1502, 1506 (11th Cir. 1996)*; BCC Apartments, Ltd. v. Browning,* 994 F. Supp. 1440, 1442 (S.D. Fla. 1997) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104 (1941)); *Miles v. Kilgore* 928 F. Supp. 1071, 1075 (N.D. Ala. 1996) ("It is well established that removal statutes are to be strictly construed against removal. Removal of civil cases to federal court infringes state sovereignty. This is a central concept of federalism.") (citing *Shamrock Oil & Gas Corp.*, 313 U.S. at 104, and *Fitzgerald v. Seaboard Sys. R.R., Inc.,* 760 F.2d 1249 (11th Cir. 1985)). The removing party bears the burden of demonstrating that removal was proper. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008); *Diaz*, 85 F.3d at 1506.

AO 72A
(Rev.8/8
2)

**B.     Discussion**

Plaintiffs argue that the matter is due to be remanded to state court because there is not complete diversity of citizenship and because Defendants filed the notice of removal out of time.  [Doc. 3].  The Court first considers the diversity-of-citizenship issue and then turns to the question of timeliness.

**1.     Diversity of Citizenship**

Under 28 U.S.C. § 1332, the jurisdictional basis asserted here, district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).  "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties."  *Id.*

Plaintiffs do not dispute that the value of the case exceeds $75,000. [Doc. 3 at 11].  The Court agrees, as this is an action for quiet title and the removing defendants filed tax records showing that the value of the Property as of January 1, 2015, was assessed at $148,500, [Doc. 1-2 at 2].  *See Hosseinzadeh v. Green Point Mortg. Funding, Inc.*, 577 Fed. Appx. 925, 927 (11th Cir. Aug. 18, 2014) (holding that because plaintiff sought to quiet title to the property and enjoin any creditors from

6

foreclosing on it, the value of the object of the litigation was the value of the property) (citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)).

In contrast, the parties do dispute whether complete diversity exists in this case. The removing defendants acknowledge in their notice of removal that Ms. Foushee is alleged in the complaint to be of the same citizenship as Plaintiffs. [Doc. 1 ¶¶ 16-18]. Defendants contend, however, that Ms. Foushee's citizenship must be disregarded under the doctrine of fraudulent joinder because she is simply a notary whose name appears on a document recorded more than five years before the filing of this lawsuit and she had already defended in *Haynes I*, and thus, there is no plausible fraud claim asserted against her, and even a properly pleaded fraud claim would be blocked by the doctrine of res judicata or collateral estoppel or by the statute of limitations. [Doc. 1 ¶¶ 16-17 (citing *Johnson v. Bank of Am., N.A.*, 594 Fed. Appx. 953, 956 (11th Cir. Nov. 6, 2014); *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 Fed. Appx. 888, 890 (11th Cir. May 31, 2011); *Southern v. Pfizer, Inc.*, 471 F. Supp. 2d 1207, 1218 (N.D. Ala. 2006))].

Plaintiffs, in their motion to remand, assert that they and Ms. Foushee are all citizens of Georgia and argue that, as a consequence, all plaintiffs are not diverse from all defendants. [Doc. 3 at 11-19]. Plaintiffs argue that they can establish a fraud claim

7

against Ms. Foushee because they have pleaded the necessary facts and she has failed to timely file an answer to the complaint and therefore has defaulted, and Plaintiffs further contend that "Defense counsel has no authority to make defenses on Ms. Foushee's behalf."  [*Id.* at 13, 18-19].  Plaintiffs further contend that although a fraud claim is governed by a four-year statute of limitations, the period of limitation should be deemed to run only from November 13, 2013, the date they received an affidavit from the clerk of the Superior Court of Henry County confirming that "the August 30, 2010 recorded assignment, which [Ms.] Foushee purported to officially witness, failed to bear the required notary stamp, which was filed despite the error in the filing" and Plaintiffs therefore "had sufficient knowledge and proof of Ms. Foushee's and Defendants' fraudulent actions."   [*Id.* at 14-17 (citing O.C.G.A. §§ 9-3-31,  23-2-51(b);  *Henderson  v.  Wash.  Nat'l  Ins.  Co.*, 454 F.3d 1278, 1282 (11th Cir. 2006); *Jones v. Spindel*, 239 Ga. 68, 69, 235 S.E.2d 486, 487 (1977))].  Additionally, Plaintiffs argue that *Haynes I* does not estop them from asserting their fraud claim against Ms. Foushee because "the facts and parties to this action are not identical to the *Haynes* case adjudicated in the District Court and appealed to the Eleventh Circuit Court."  [Doc. 3 at 17-18 (citing *Cheeley Invs., L.P. v. Zambetti*, 332 Ga. App. 115, 120-21, 770 S.E.2d 350, 356 (2015); *Choi v. Immanuel*

8

*Korean United Methodist Church*, 327 Ga. App. 26, 28, 755 S.E.2d 354, 356 (2014))].

Defendants, in response, again contend that there is no possibility that Plaintiffs could state a claim against Ms. Foushee, arguing that the claim against her is barred either by the doctrine of res judicata or collateral estoppel, as the allegations of fraud in *Haynes I* "almost identically mirror those in the present suit"; Ms. Foushee is named as a defendant in both actions; and in the prior action, Ms. Foushee filed a motion to dismiss that this Court granted.[4]  [Doc. 4 at 9-11 (citing *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1252-53 (11th Cir. 2015); *Haynes I*, ECF No. 1-1 ¶¶ 5, 16, 18, ECF No. 12 ¶¶ 33-38, ECF No. 33 at 1-2, and analogizing *Johnson*, 594 Fed. Appx. at 956; *United States v. Weiss*, 467 F.3d 1300, 1308 (11th Cir. 2006); *Ames v. JP Morgan Chase Bank, N.A.*, 298 Ga. 732, 740-41, 783 S.E.2d 614, 620-21 (2016); *Smith v. Lockridge*, 288 Ga. 180, 185, 702 S.E.2d 858, 863 (2010)).

---

[4]     Although the Court recognizes Plaintiffs' assertion that Defendants' counsel "has no authority to make defenses on Ms. Foushee's behalf," [Doc. 3 at 13], it nevertheless considers the arguments because Plaintiffs present no authority that might support a contention that a defendant may not argue that a defaulting defendant was fraudulently joined.  Additionally, when a court evaluates a motion for default judgment, the defaulting defendant is held to admit well-pleaded facts but not to admit conclusions of law.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).   Thus, even under the presumption that Ms. Foushee did default, it is certainly within the Court's purview to consider whether the facts, accepted as true, could give rise to a viable claim.

AO 72A
(Rev.8/8
2)

Defendants also urge the Court to consider Plaintiffs' repetitive lawsuits as indicia of fraudulent joinder.  [Doc. 4 at 13-14 (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985))].

Having compared the cited materials from *Haynes I* to Plaintiffs' complaint in this matter,[5] the undersigned concludes that Ms. Foushee was indeed fraudulently joined and that her citizenship should therefore be disregarded in determining whether the Court may exercise diversity-of-citizenship jurisdiction over this matter.

When a defendant removes a case to federal court on the basis of diversity of citizenship, "a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson*, 454 F.3d at 1281.  "Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship." *Id.*

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."    *Triggs v. John Crump Toyota, Inc.*,

---

[5]    A district court may take judicial notice of pleadings and orders from prior cases as public records. *Krauser v. Evollution IP Holdings, Inc.*, 975 F. Supp. 2d 1247, 1251-52 (S.D. Fla. 2013) (citing *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. Aug. 16, 2010).

AO 72A
(Rev.8/8
2)

154 F.3d 1284, 1287 (11th Cir. 1998).  It occurs when a plaintiff names a non-diverse defendant solely for the purpose of defeating federal diversity jurisdiction.  *Henderson*, 454 F.3d at 1281.  Fraudulent joinder can be established under two circumstances: (1) when there is no possibility the plaintiff can establish a cause of action against the non-diverse defendant; or (2) the plaintiff fraudulently pleaded jurisdictional facts to bring the action in state court and defeat diversity jurisdiction in federal court.  *Id.*; *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).  The removing party (defendants) must make such a showing by clear and convincing evidence.  *Henderson*, 454 F.3d at 1281 (citing *Parks v. N.Y. Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)[6]).  If the district court finds that fraudulent joinder has been established, the court "must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court."  *Henderson*, 454 F.3d at 1281.

To determine whether fraudulent joinder exists, the district court must look to the complaint at the time it was removed as well as any affidavits and/or deposition transcripts submitted by the parties.  *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368,

---

[6]      In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

11

1380 (11th Cir. 1998); *Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1381 (N.D. Ga. 2014) (Batten, J.).  If there is "*even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287 (emphasis in original) (internal quotation marks omitted). Stated another way, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Id.* (emphasis in original).   "The burden of establishing fraudulent joinder is a heavy one."  *Pacheco de Perez*, 139 F.3d at 1380. In conducting this analysis, the district court does not rely on Rule 12(b)(6)'s standard for evaluating a motion to dismiss, but rather evaluates a plaintiff's claims under the state's pleading standards.  *Stillwell*, 663 F.3d at 1334.   The Court must accept all factual allegations in the complaint as true and " 'construe them in the light most favorable to the plaintiff.' "  *Henderson*, 454 F.3d at 1281 (quoting *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir. 2004) (quotation marks omitted)).

Here, there is no possibility that Plaintiffs can establish a cause of action against Ms. Foushee because the fraud claim is barred by res judicata and the applicable statute of limitations.

12

### a.    *Res Judicata*

When determining whether an action is barred by res judicata, a federal court is to apply the law of the state where it is located.   *Laskar v. Peterson*, 771 F.3d 1291, 1299 (11th Cir. 2014).  The purpose of the doctrine of res judicata is to prevent the re-litigation of claims that have already been adjudicated, or that could have been adjudicated, between identical parties or their privies in identical causes of action. *Crowe v. Elder*, 290 Ga. 686, 688, 723 S.E.2d 428, 430 (2012).  Thus, "[t]here are three prerequisites to the application of res judicata: (1) identity of the cause of action; (2) identity of the parties or their privies; and (3) a previous adjudication on the merits by a court of competent jurisdiction."   *Smith v. Lockridge*, 288 Ga. 180, 185, 702 S.E.2d 858, 863 (2010).  "The party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action." *Exec. Fitness, LLC v. Healey Bldg. Ltd. P'ship*, 290 Ga. App. 613, 614, 660 S.E.2d 26, 28 (2008).

Applying each of the factors, first, the parties are sufficiently identical.  To be sure, as Plaintiffs point out, the identities of the named defendants differ somewhat from *Haynes I* to the present lawsuit.   *Compare Haynes I*, ECF No. 1-1 at 2, ECF No. 12 at 1, ECF No. 34 at 1 *with* [Doc. 1-1 at 4].  Moreover, as Plaintiffs appear

13

to suggest, in *Cheeley Investments*, the court did conclude that where a new action named a defendant who was not a party to the earlier litigation, the identity-of-the-parties element was not satisfied such that the claims asserted in the new action would be barred by res judicata or collateral estoppel. *See Cheeley Invs.*, 332 Ga. App. at 120-21, 770 S.E.2d at 356 [cited in Doc. 3 at 18]. *Cheeley Investments* is easily distinguished, however, because in *Cheeley Investments*, it was the defendant who had *not* been added to the original suit who sought a determination that the claims the plaintiff sought to raise against him in a new suit were precluded. *Cheeley Invs.*, *id.*, 770 S.E.2d at 356. Here, in contrast, Ms. Foushee, the defendant whose citizenship is at issue here, was named as a defendant in both *Haynes I*, *Haynes I*, ECF No. 1-1 at 2, ECF No. 12 at 1, and the present case, [Doc. 1-1 at 4]. Likewise, the plaintiffs in *Haynes I* were Joan Haynes and Troy Wayne Haynes, *Haynes I*, ECF No. 1-1 at 2, ECF No. 12 at 1, just as they are here, [Doc. 1-1 at 4]. A plaintiff may not avoid the application of res judicata by simply adding new parties. *Endsley v. City of Macon, Ga.*, 321 Fed. Appx. 811, 814 (11th Cir. Nov. 20, 2008) (citing *Caswell v. Caswell*, 162 Ga. App. 72, 72-73, 290 S.E.2d 171, 172 (1982)). Consequently, the Court finds identity of the relevant parties in *Haynes I* and the present case sufficient to support the application of res judicata.

14

Second, the same cause of action is contained in both lawsuits.[7]  In the complaint that initiated the present action, Plaintiffs allege that on June 15, 2010, Ms. Foushee committed fraud when she held herself out as a notary and acted as a witness to the transfer of the secured interest from MERS to BAC, when she knew she was not a notary and did not provide the required notary stamp before the assignment was recorded in the Henry County real estate records; that in doing so, Ms. Foushee intended to deceive Plaintiffs; and that as a result of the deception, BAC foreclosed on an unmarketable title to which it was not entitled, the title to the Property was clouded, and bidding was chilled.  [Doc. 1-1 at 33-35 & ¶¶ 11-12, 21-24].  In the complaint Plaintiffs filed on September 16, 2011, in *Haynes I*, Plaintiffs likewise alleged that on June 15, 2010, Ms. Foushee held herself out as a notary and acted as a witness to the transfer of the secured interest from MERS to BAC but was not a notary and did not provide the required notary stamp, and in an amended complaint filed on October 25, 2011, in *Haynes I*, Plaintiffs reiterated those allegations and asserted a claim for fraud against Ms. Foushee, asserting that Ms. Foushee knew or should have

_____

[7]      Notably, *Cheeley Investments* is also distinguishable on this basis.  *See Cheeley Invs.*, 332 Ga. App. at 120-21, 770 S.E.2d at 356 (holding that prior adjudication of business-contract dispute did not preclude later suit asserting personal claims against business manager for ancillary promises he made).

15

known at the time that her notary commission had not begun, that by "notarizing" the assignment, she intended to induce Plaintiffs into believing that her signature was effective for its intended purpose, that Plaintiffs justifiably relied on the false representation, and that they were damaged as a result. *Haynes I*, ECF No. 1-1 at 19, 23 & ¶¶ 5, 16-18, ECF No. 12 ¶¶ 5, 19-21, 35-36. Plaintiffs appear to contend that the affidavit supplied by the clerk of the Superior Court of Henry County stating that Ms. Foushee's appointment as a notary public had yet to commence at the time she witnessed the assignment changed the material facts so as to alter the legal relations between Plaintiffs and Ms. Foushee. [*See* Doc. 3 at 16-17]. The affidavit did not, however, impart any new or newly actionable knowledge to Plaintiffs: they alleged in 2011 that the assignment was invalid due to Ms. Foushee's allegedly fraudulent witnessing, and they allege the same thing on the same basis in the present complaint, albeit now with the additional support of the clerk's affidavit. The undersigned therefore finds that the fraud claim Plaintiffs asserted against Ms. Foushee in 2011 is identical to the fraud claim asserted against her in the present action.

Third, the previous adjudication of the claim against Ms. Foushee was decided upon the merits by a court of competent jurisdiction, and Plaintiffs had a full and fair opportunity to litigate the claim. In *Haynes I*, Ms. Foushee filed a motion to dismiss

16

the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Haynes I*, ECF No. 14 at 4. She acknowledged Plaintiffs' allegation that she had signed the June 15, 2010, assignment as the official witness when she was not yet a notary public and that she failed to stamp the document with her official notary seal, and she argued that the allegations were insufficient to state a plausible claim against her for fraud because the alleged fraud stemmed from the assignment transaction between MERS and BAC, not any representations made to Plaintiffs; because Plaintiffs did not rely on her alleged misrepresentations and could not reasonably do so, given the "obvious and easily detectable" nature of the alleged defect; and because Ms. Foushee did not have a relationship with or influence over them. *Id*. at 7-9. Ms. Foushee further argued that there is no private right of action for violation Georgia penal statutes governing notaries. *Id.* at 9-10.

When Plaintiffs, who were represented by the same attorney appearing on their behalf in this matter, *see id.*, ECF No. 1-1 at 12, did not respond to Ms. Foushee's motion to dismiss, Ms. Foushee filed a brief calling attention to the failure to respond and arguing that her motion was therefore unopposed pursuant to Rule 7.1B of the Local Rules of this Court, *see id.*, ECF No. 24. Several more months passed without any further activity on behalf of Plaintiffs. *See id.*, Dkt. The Magistrate Judge assigned

AO 72A
(Rev.8/8
2)

to the matter then issued a Report and Recommendation ("R&R") recommending that the claims against Ms. Foushee be dismissed because Plaintiffs had failed to respond to the motion and had not alleged facts showing that they reasonably relied to their detriment on Ms. Foushee's attestation that she was a notary. *Id.*, ECF No. 31 at 8-10, 23-25. After a month went by with no objections filed, the District Judge adopted the R&R, granted Ms. Foushee's motion to dismiss the amended complaint, and dismissed her from the case. *Id.*, ECF No. 33 at 1-2. Eventually, after close of discovery, the case was terminated upon summary judgment. *Id.*, ECF No. 105. Plaintiffs then appealed the matter, and the Eleventh Circuit Court of Appeals affirmed the decision of the District Court, specifically explaining that the defect in attestation would not provide Plaintiffs with standing to challenge the assignment of their security deed and that the evidence showed that missed payments, rather than any conduct on the part of the defendants, led to the foreclosure. [Doc. 111 at 11-14]. Given this multilayered review—by the Magistrate Judge, the District Judge, and the Court of Appeals—there can be no reasonable argument that Plaintiffs did not have a full and fair opportunity to litigate their claims against Ms. Foushee.

18

For these reasons, the undersigned concludes that the doctrine of res judicata precludes Plaintiffs from reasserting their fraud claim against Ms. Foushee and that she therefore has been fraudulently joined.

### b.      Statute of Limitations

Plaintiffs concede that in Georgia, claims for fraud are governed by a four-year statute of limitations.  [Doc. 3 at 14 (citing O.C.G.A. § 9-3-31)]; *see also Falanga v. Kirschner & Venker, P.C.*, 286 Ga. App. 92, 648 S.E.2d 690 (2007) (holding that a claim for actual fraud accrues when "the fraud is discovered or by reasonable diligence should have been discovered").  Here, review of the original complaint in *Haynes I* reveals that Plaintiffs were aware at least as of September 6, 2011, of the conduct upon which they base their fraud claim: that although Ms. Foushee had signed the June 15, 2010, assignment as a notary public, her signature was not accompanied by an official notary seal and Ms. Foushee was not a notary at the time of execution.  *Haynes I*, ECF No. 1-1 ¶¶ 16-18.  Giving Plaintiffs the most generous benefit of the doubt, they therefore would have had until no later than September 6, 2015, to assert their fraud claim against her.  The complaint in the present lawsuit was not filed, however, until December 7, 2015.  [Doc. 1-1 at 4].

19

Accordingly, the undersigned also finds that Plaintiffs are cannot assert a fraud claim against Ms. Foushee based on her having incorrectly represented on the June 15, 2010, assignment that she was a notary public because the claim is blocked by the statute of limitations. Thus, the District Judge may also find fraudulent joinder on this basis.

### 2. The Timeliness of the Petition For Removal

Plaintiffs also argue that the matter must be remanded to state court because Defendants' notice of removal was untimely. Title 28 U.S.C. § 1446 governs removal of state court actions to federal court. That code section provides, in relevant part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The thirty-day period is not jurisdictional, but rather is a strictly applied rule of procedure that may not be extended by the court. *Newman v. Spectrum Stores, Inc.* 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000); *Torres v. AIG Claim Servs., Inc.*, 957 F. Supp. 1271, 1273 (S.D. Fla. 1997); *Liebig v. DeJoy,*

20

814 F. Supp. 1074, 1076 (M.D. Fla. 1993): *Marion Corp. v. Lloyds Bank*, *PLC*, 738 F. Supp. 1377, 1378 (S.D. Ala. 1990). "The party seeking removal must present facts establishing its right to remove." *Estate of Davis v. DeKalb Cnty.*, 952 F. Supp. 2d 1369, 1371 (N.D. Ga. 2013) (Batten, J.); *accord Hodach v. Caremark RX, Inc.*, 374 F. Supp. 2d 1222, 1223 (N.D. Ga. 2005) (Duffey, J.) ("Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party."); *Premier Holidays Int'l, Inc. v. Actrade Capital, Inc.*, 105 F. Supp. 2d 1336, 1338-39 (N.D. Ga. 2000) (Moye, J.) ("The removing party bears the burden of showing not only a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.") (punctuation omitted).

Plaintiffs argue that Defendants' removal of the case on February 11, 2016, was untimely because, they contend, "[the] date th[e] removal period begins to run is the date of actual or constructive receipt by defendants of initial pleading setting forth [a] removable claim," and (1) the state-court judge ordered service by publication on January 7, 2016, "[which] placed all Defendants and possible interested parties on notice that on December 7, 2015 Plaintiffs filed a Petition for Quiet title and Complaint for Damages," [Doc. 3 at 7 [citing Doc. 1-1 at 54]]; (2) on January 7, 2016, the deputy clerk for the Henry County Superior Court "certified that she stamped and mailed a

copy of the Order for Service by Publication and Complaint to Defendants' addresses provided in Plaintiffs' Petition and Complaint," which, Plaintiffs contend, presumably arrived no later than Monday, January 11, 2016, thirty-one days before Defendants filed the notice of removal, [Doc. 3 at 7-8 [citing Doc. 1-1 at 49-53]]; (3) by December 23, 2015, Defendants' attorney communicated to Plaintiffs' counsel that he was aware of the present suit and had reviewed a pre-service order issued by the state court on December 22, 2015, thereby demonstrating that Defendants had constructive notice of the action at least as of that date, [Doc. 3 at 9-10 [citing Doc. 3-1 at 2]]; and (4) in the order entered in the present case on December 22, 2015, the state-court judge directed the clerk to "send a copy of this Order to all interested parties in [*Haynes II*]," thereby providing notice of the pendency of this action, [Doc. 3 at 10 [citing Doc. 1-1 at 47]]. Plaintiffs also point out that none of the defendants provided evidence of the date that they received notice or service of this lawsuit and that they instead asserted generally that the thirty-day period for removal had not elapsed on February 11, 2016. [Doc. 3 at 7 (citing [Doc. 1 ¶ 7]; *Kurihara v. CH2M Hill, Inc.*, 6 F. Supp. 2d 533 (E.D. Va. 1998); *Trepel v. Kohn, Milstein, Cohen & Hausfeld*, 789 F. Supp. 881 (E.D. Mich. 1992))].

Defendants, in response, argue that Plaintiffs are baselessly citing the timeline given for first-class mail "when there is no indication that the Henry County clerk used anything other than regular mail," [Doc. 4 at 5-6 & n.3]; that, in any event, the three days presumed for mail delivery would have been the three business days following the January 7, 2016, mailing, which would have been Friday, January 8, Monday, January 11, and Tuesday, January 12, which fell thirty days before Defendants filed their notice of removal, [*id*. at 6 & n.4]; and that Defendants in fact received the mailing on January 12, 2016, which they contend was relayed by the recitation in the notice of removal that less than thirty days had elapsed since Plaintiffs attempted service upon them by mail, [*id*. at 5-6 [citing Doc. 1 ¶ 7]].  They also contend that Plaintiffs' theory that Defendants' counsel's knowledge of the existence of this case started the removal clock is legally wrong, and they point out that Plaintiffs do not assert that Defendants' counsel received a copy of the complaint prior to service.  [Doc. 4 at 6-7 (citing *Bullard v. Am. Airlines, Inc*., 929 F. Supp. 1284 (W.D. Mo. 1996) (cited for the proposition that "receipt of complaint by attorney for airline did not trigger 30-day removal deadline"); 14A Wright, Miller & Cooper, *Fed. Practice & Proc*., § 3732 at 513-14 (cited for the proposition that, in general, "a complaint is considered received when it is 'received by anyone authorized to accept process for the defendant . . . .' "))].

23

The undersigned does not find either brief particularly persuasive on this issue. Plaintiffs' "constructive receipt" argument relies exclusively on two out-of-circuit district-court cases, one of which is twenty-four years old and the other of which is eighteen years old.  [*See* Doc. 3 at 9].   Similarly, the only authority Defendants cited in support of their legal arguments is a twenty-year old district-court case from another circuit and an edition of *Federal Practice and Procedure* that appears to be at least seven years out of date.[8]  [*See* Doc. 4 at 6-7].

Be that as it may, it seems clear that Defendants have the better end of the argument, as the Supreme Court held in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999) "that the time-window in § 1446(b) 'is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.' " *Bailey v. Janssen Pharmaceutica, Inc*., 536 F.3d 1202, 1205 (11th Cir. 2008) (further holding that each defendant has thirty days after service within which to seek removal).  Here, there is no showing of personal service of a summons, or of a summons and complaint,

---

[8]      Defendants do not state the *Federal Practice and Procedure* edition they purport to quote, and the undersigned has been unable to locate the quoted text in the fourth edition, which was published in 2009, or the most recent April 2016 update.

24

upon any of the named defendants other than Ms. Foushee. [Doc. 3-1 at 3]. And although the record indicates that the deputy clerk of the Superior Court of Henry County certified that she mailed each of the named defendants a copy of an Order for Service by Publication and Complaint on January 7, 2016, [Doc. 1-1 at 49-53], neither Plaintiffs' brief nor the Court's own research has uncovered authority indicating that a mailed copy of a Order for Service by Publication on a quiet title action constitutes "formal service" of a summons upon a named corporate defendant for the purposes of § 1446(b), or that even if such service is proper, it is presumed to be delivered within less than three business days. [Doc. 3, *passim*]. Indeed, the only arguably analogous Georgia provision the Court has found suggests that service by mail upon a corporation is not presumed until five days after deposit of the service package in the mail. *See* O.C.G.A. § 14-2-504(b)(3). Notably, the record also does not appear to contain any proof that notice of the suit was in fact published. (*See* Dkt.).

For these reasons, the undersigned finds no basis for a determination that the removal period began any earlier that January 12, 2016, the date Defendants concede that they received mailing of the Order for Service by Publication and Complaint from the deputy clerk of the Superior Court of Henry County, Georgia. [*See* Doc. 4 at 6].

The notice of removal having been filed thirty days later, on February 11, 2016, the undersigned therefore finds removal timely.

Accordingly, because Ms. Foushee's fraudulent joinder does not destroy diversity-of-citizenship jurisdiction and because removal of the matter to this Court appears to have been timely, the undersigned **RECOMMENDS** to the District Judge that he **DENY** Plaintiffs' motion to remand the case to state court.

### III.   Motion to Dismiss

BAC, MERS, and Fannie Mae move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the claims are precluded by the doctrine of res judicata or collateral estoppel following *Haynes I* and that the quiet-title claim is alternatively due to be dismissed because it fails as a matter of law.  [Doc. 2].  Plaintiffs did not file a response to Defendants' motion, (*see* Dkt.), electing instead to file their motion to remand, [Doc. 3].

Under Rule 7.1B of the Local Rules of this Court, failure to file a response to a motion indicates that there is no opposition to the relief requested in the motion. LR 7.1B, NDGa.  Thus, given Plaintiffs' apparent acquiescence to the motion to dismiss, the undersigned **RECOMMENDS** to the District Judge that he **GRANT** the motion.   LR 7.1B, NDGa; *see also Magluta v. Samples*, 162 F.3d 662, 664

26

(11th Cir. 1998) (recognizing that court may exercise discretion to dismiss action for failure to respond to motion under LR 7.1, NDGa); *Scream v. WMC Mortg. Corp.*, No. 1:15-CV-03984-TWT-WEJ, 2016 WL 674660, at *1 (N.D. Ga. Jan 11, 2016) (Johnson, M.J.), *adopted at* 2016 WL 686286 (N.D. Ga. Feb. 17, 2016) (Thrash, J.) (same); *Fuller v. Home Depot Servs., LLC*, No. 1:07-cv-1268-RLV, 2007 WL 2345257, at *9 (N.D. Ga. Aug. 14, 2007) (granting motion to dismiss two claims plaintiff's response brief failed to address).

The fraud claim also fails under the doctrine of res judicata as to Ms. Foushee and is time barred as to any defendant, as discussed above. *See supra* Part II.B.1. The quiet-title claim is also due to be dismissed for the alternative reasons set forth below.

### A.      *Motion-to-Dismiss Legal Standard*

To avoid dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, a court "must accept the facts pleaded as true and construe them in a light most favorable to [the] plaintiff[]." *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

AO 72A
(Rev.8/8
2)

At the same time, however, a court should not accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  And while a complaint need not contain detailed factual allegations, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *accord Iqbal*, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are "not entitled to the assumption of truth.").  Rather, plaintiffs are required to make factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (internal quotation marks omitted).  The court also may dismiss a complaint pursuant to Rule 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

28

**B.     Facts**

Plaintiffs allege in the complaint that on December 18, 2007, Plaintiffs entered into a loan agreement with Quicken to obtain a $233,500 loan, and, to secure the loan, executed a security deed on the Property in favor of MERS, acting solely as nominee for Quicken.[9]  [Doc. 1-1 at 18-31 & ¶ 9].  On August 30, 2010, MERS recorded an assignment of the security deed, which assignment was dated June 15, 2010.[10, 11] [*Id*. at 33 & ¶¶ 10-11].  The assignment indicated that MERS transferred its interest in the security deed to BAC.  [*Id*. at 33 & ¶ 11].  Ms. Foushee signed the document as a notary public, but she did not include her official notary seal on the document.

---

[9]     The security deed was recorded in Deed Book 010681, page 0265, of the Superior Court of Henry County, Georgia, on January 17, 2008.  [Doc. 1-1 at 18].

[10]    The Court recognizes Plaintiffs' allegation in the complaint that Prommis recorded the assignment.  [*See* Doc. 1-1 ¶ 11].  Despite the Court's obligation to accept the facts in a complaint as true, it is not required to ignore specific, contradictory evidence appearing in an undisputed document that is properly before the Court.  *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) (noting that where a document that is to be treated as part of the complaint "reveals facts which foreclose recovery as a matter of law, dismissal is appropriate") (internal quotation marks omitted); *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.").  Thus, where the allegations in the complaint conflict with the security deed and assignments, the Court will rely on the documents.

[11]    The assignment was recorded in Deed Book 11847, page 0060, of the Superior Court of Henry County, Georgia, on August 30, 2010.  [Doc. 1-1 at 33].

[*Id*. at 33 & ¶ 11]. The beginning date of Ms. Foushee's notary commission was not until August 6, 2010, well after the date the assignment was executed. [*Id*. at 34 & ¶ 11]. On September 7, 2010, BAC foreclosed on Plaintiffs' home, and BAC, being the highest bidder at auction, purchased the Property.[12] [*Id*. at 36-38 & ¶ 13]. The same day, BAC granted Fannie Mae a special warranty deed of property.[13] [*Id*. at 39 & ¶ 14]. On November 13, 2013, Barbara A. Harrison, Clerk of the Superior Court of Henry County, made an affidavit stating that the assignment from MERS to BAC had been recorded despite lacking the required notary stamp. [*Id*. at 35 & ¶ 12].

Plaintiffs' theory is that the aforementioned defects in the assignment rendered it ineffective and that Plaintiffs therefore retain title, albeit a clouded title. [Doc. 1-1 ¶ 18].

---

[12]     The deed under power was recorded in Deed Book 11895, page 78-80, of the Superior Court of Henry County, Georgia, on October 14, 2010. [Doc. 1-1 at 36-38].

[13]     The special warranty deed was recorded in Deed Book 11895, page 81-82, of the Superior Court of Henry County, Georgia, on October 14, 2010. [Doc. 1-1 at 39].

30

## C.    Discussion

Defendants argue that the quiet-title claim is, like the fraud claim asserted against Ms. Foushee, due to be dismissed under the doctrine of res judicata or collateral estoppel.  [Doc. 2-1 at 5-9].  The undersigned agrees.

First, the cause of action in *Haynes I* is the same as in the present suit.  While it is true that *Haynes I* did not contain a quiet-title claim, under the doctrine of res judicata, it is not necessary for the claims to be *per se* identical, so long as the actions alleged in the earlier suit clearly encompass those in the later suit.  *Jordan v. State*, 336 Ga. App. 345, 351, 785 S.E.2d 27, 32 (2016); *Neely v. City of Riverdale*, 298 Ga. App. 884, 887, 681 S.E.2d 677, 680 (2009) (holding a claim precluded where it arose "out of 'a common nucleus of operative fact' " with a claim litigated in a prior suit).  In the second amended complaint filed in *Haynes I*, Plaintiffs alleged that on or about December 18, 2007, Plaintiffs entered into a loan agreement with Quicken to obtain a $233,500 loan and executed a security deed to secure the debt, *Haynes I*, ECF No. 34 ¶ 11; on or about August 30, 2010, MERS recorded an assignment of the security deed, which assignment was dated June 15, 2010, *id.* ¶ 15; Ms. Foushee signed the document as a notary public, but did not include her official notary seal on the document, *id.* ¶ 20; the beginning date of Ms. Foushee's notary commission was not

31

until August 6, 2010, well after the date the assignment was executed, *id*. ¶¶ 21-22; on September 7, 2010, BAC foreclosed on Plaintiffs' home, *id*. ¶ 16; and, following the sale, BAC granted Fannie Mae a special warranty deed of property, *id*. ¶ 17.  Plaintiffs also asserted the theory that the aforementioned defects in assignment rendered the assignment ineffective and that Plaintiffs therefore retained title.  *Id*. ¶¶ 30-33.  These allegations also give rise to Plaintiffs' present quiet-title claims.  *See supra* Part III.B.  Thus, the undersigned finds identity of the claims sufficient for the purposes of the res judicata analysis.

Second, the parties are in privity, within the context of the res judicata analysis.  "A privy is generally defined as one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right."  *Jordan*, 336 Ga. App. at 351, 785 S.E.2d at 31 (punctuation omitted).  As previously noted, Plaintiffs here are identical to the plaintiffs in *Haynes I*.  *Compare Haynes I*, ECF No. 34 at 1.  BAC and MERS were also named as defendants in both suits.  *Id*.  Quicken and Fannie Mae were not named in *Haynes I*, but there, as here, Quicken was identified as the original holder of the security deed to the Property (prior to its assignment to BAC), Fannie Mae was identified as receiving assignment of the Property from BAC after BAC foreclosed

upon the Property, and Quicken's and Fannie Mae's interest in the Property—at least in relation to Plaintiffs' claims—turned on the success or failure of Plaintiffs' allegations that BAC did not have the power to foreclose and that Plaintiffs retained title. *Compare* [Doc. 1-1] *with Haynes I*, ECF No. 34. In *Haynes I*, BAC and MERS successfully defended against those claims, thereby negating Plaintiffs' claims against the other holders of the security deed. *See Haynes I*, ECF No. 102 at 23-35, ECF No. 105 at 1-2. Accordingly, the undersigned finds identity of the parties for the purposes of the res judicata analysis.

Third, the prior claim was adjudicated on the merits by a court of competent jurisdiction. In *Haynes I*, Plaintiffs' challenges to the assignments and BAC's power to foreclose were adjudicated upon summary judgment, with a Magistrate Judge entering an R&R recommending that the District Judge grant the defendants' motion for summary judgment on the wrongful-foreclosure claims grounded in Plaintiffs' faulty-assignment theory, *Haynes I*, ECF No. 102 at 23-35; the District Judge adopting the R&R as the Order of the Court, *id*., ECF No. 105 at 1-2; and the Eleventh Circuit affirming the decision upon appeal, *id*., ECF No. 111 at 7-11. A decision upon summary judgment, of course, constitutes a judgment on the merits. *Vann v.*

33

*Billingsley*, 234 Ga. App. 803, 804, 508 S.E.2d 180, 182 (1998).  The undersigned therefore finds that the third prong of the res judicata analysis is also satisfied.

For these reasons, the undersigned concludes that Plaintiffs' quiet-title claim is also precluded under the doctrine of res judicata.   Accordingly, it is hereby **RECOMMENDED** that the District Judge **GRANT** Defendants' motion to dismiss Plaintiffs' quiet-title claim.[14]

## IV.    Conclusion

For the reasons discussed above, the undersigned **RECOMMENDS** that Plaintiffs' motion to remand this matter to state court be **DENIED**, [Doc. 3], and that Defendants' motion to dismiss the complaint be **GRANTED**, [Doc. 2].

---

[14]    Alternatively, as Defendants point out, the quiet-title claim may also be dismissed because Plaintiff has not, [*see* Doc. 1-1, *passim*]—and cannot, *see Haynes I*, ECF No. 34 ¶ 12 (referencing default for non-payment of monthly mortgage payments), ECF No. 111 at 13-14 (noting that Plaintiffs failed to make two payments, thereafter made only partial payments, and failed to make payments on a proposed trial modification that could have staved off foreclosure)—claim that they have fully paid the debt underlying the security deed.  *See Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 850, 583 S.E.2d 844, 846 (2003) (reversing trial court's award of quiet title where plaintiff had not paid the amount due under the note); *see also* O.C.G.A. § 23-3-60 (providing that the purpose of a quiet-title action "is to create a procedure for removing any cloud upon the title to land" and to establish certainty as to ownership); *Smith v. Ga. Kaolin Co.*, 264 Ga. 755, 756, 449 S.E.2d 85, 86 (1994) ("Any person who claims an interest in land may bring a proceeding to establish title to the land, determine all adverse claims, or to remove clouds on his title.").

AO 72A (Rev.8/82)

The Clerk is further **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO DIRECTED and RECOMMENDED**, this 14th day of July, 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)